J-S21010-26

2026 PA Super 141

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHARIF JONES | : | No. 1198 MDA 2025 |

Appeal from the Suppression Order Entered August 18, 2025
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000428-2024

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

OPINION BY BOWES, J.:                                    **FILED JULY 02, 2026**

The Commonwealth appeals from the order that granted the motion to suppress evidence filed by Sharif Jones ("Appellee").  Also before us is Appellee's application to dismiss.  Upon review, we grant the application and dismiss this appeal.

Given our disposition, a detailed history of the case is unnecessary. Suffice it to say that police seized Appellee after seeing him leave the porch of a residence where cocaine and firearms had been discovered the prior month, and a purported **Terry** frisk produced cocaine and over $2,000 in cash from his person.[1]  The Commonwealth arrested Appellee and charged him with drug offenses.  Appellee sought to suppress all the evidence obtained from the interaction on the bases that the police lacked probable cause to arrest

---

[1] **Terry v. Ohio**, 392 U.S. 1 (1968).

him and that the pat-down of his person exceeded the scope of a **Terry** search. The trial court held a hearing on the motion at which the court received bodycam footage, the preliminary hearing transcript, and the testimony of two of the officers involved. The court permitted the parties to file post-hearing briefs before rendering its decision.

In the opinion accompanying the appealed-from order granting suppression, the trial court noted its agreement with Appellee's claim that the Commonwealth's post-hearing brief not only lacked citations to the record, but also asserted facts contrary to the evidence.[2] Looking to the facts supported by the record, the trial court ruled that Appellee's presence outside the house where drugs had been recovered weeks before was insufficient to establish reasonable suspicion or probable cause to believe that Appellee had engaged, or was about to engage, in criminal activity. Accordingly, the court ordered the suppression of all evidence obtained from the unlawful arrest and search.

The Commonwealth timely appealed from the order, certifying pursuant to Pa.R.A.P. 311(d) that it substantially handicapped the prosecution. The trial court entered an order directing the Commonwealth to file and serve a

---

[2] For example, the Commonwealth represented that a detective testified that Appellee entered and exited the building where prior criminal activity occurred, while in actuality he was only witnessed walking off of the porch. **See** Opinion and Order, 8/18/25, at 12. The Commonwealth also indicated that a K9 unit was summoned and alerted at Appellee's vehicle, but the detective testified that the K9 unit was called off before it arrived. **Id**.

- 2 -

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The Commonwealth neither filed nor served the trial court with a statement. In this Court, despite twice being granted extensions of time to submit its brief, the Commonwealth still filed it late and did not address therein its failure to comply with Rule 1925(b). Further, contrary to the requirements of Pa.R.A.P. 2117(a)(4), the Commonwealth's brief failed to include references to the record to substantiate its statement of the case. Additionally, the Commonwealth provided neither a Pa.R.A.P. 2154 designation of the contents of a reproduced record nor a reproduced record in conformity with Pa.R.A.P. 2152(a).[3]

Citing the Commonwealth's above-mentioned deviations from our rules, Appellee filed his application to dismiss. This Court entered an order deferring the application to this panel. Appellee advocated for dismissal in his brief as well as for the propriety of the suppression order. The Commonwealth did not address Appellee's dismissal request either in a response to the application or by reply brief.

It is well-settled that "[i]t is within this [C]ourt's power to [dismiss] an appeal for clear violations of the Rules of Appellate Procedure." *Evans v. Sodexho*, 946 A.2d 733, 737 n.6 (Pa.Super. 2008). Pursuant to Rule 2101:

_____

[3] The Commonwealth appended the trial court's opinions and suppression hearing transcript to its brief, but did not include the relevant docket entries, Appellee's suppression motion, or the parties' post-hearing briefs, all of which are relevant to our review.

- 3 -

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Here, the Commonwealth arguably waived its appellate issues by failing to file a statement in conformance with the trial court's Rule 1925(b) order.[4] Even if absolute waiver for that omission does not apply, the Commonwealth's apparent belief that it may flout the Rules with impunity cannot be countenanced. Especially since the trial court found inaccuracies in the Commonwealth's brief in opposition to the suppression motion, we choose not to overlook the defects in the Commonwealth's brief in this instance.

_____

[4] The court's order did not include the addresses to which the statement could be mailed and hand delivered as required by Pa.R.A.P. 1925(b)(3)(iii). This Court has ruled that this deficiency excuses both an appellant's failure to serve a statement upon the trial judge and the failure to file a timely statement. *See Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 747 (Pa.Super. 2021); *In re I.M.R.,* 296 A.3d 615, 2023 WL 2547953, at *3 (Pa.Super. 2023) (non-precedential decision); *Boyle v. Main Line Health, Inc.*, 272 A.3d 466, 2022 WL 96613, at *5 (Pa.Super. 2022) (non-precedential decision). However, there is persuasive authority for the proposition that only non-compliances by an appellant related to the defect in the court's order are excused. *See Lehigh & Northampton Transp. Auth. v. Cap*, 280 A.3d 348, 2022 WL 1618119, at *2 n.5 (Pa.Cmwlth. 2022) (unreported) (holding order's failure to include the Rule 1925(b)(3)(iii) addresses did not excuse the failure to file a statement of record); *McDowell v. Dep't of Human Servs.*, 264 A.3d 832, 2021 WL 4314089, at *4 (Pa.Cmwlth. 2021) (unreported) (same); *see also In re I.M.R.,* 2023 WL 2547953, at *4 (Stevens, P.J.E., dissenting) (opining that the absence of addresses for service in the order should not excuse an "outright failure to file a timely Rule 1925(b) statement"); *Boyle*, 2022 WL 96613, at *8-9 (Dubow, J., dissenting) (same).

Therefore, in light of the Commonwealth's clear violations of the Rules of Appellate Procedure, we grant Appellee's application to dismiss this appeal.

Application to dismiss granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2026